UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. ROE,<br><br>          Plaintiff,<br><br>     v.<br><br>RPI,<br><br>          Defendant. | Case No. 22-cv-04727-DMR<br><br>**ORDER TO SHOW CAUSE** |

Self-represented Plaintiff J. Roe filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on August 17, 2022. [Docket Nos. 1-2.] The court considers Plaintiff's complaint and IFP application pursuant to 28 U.S.C. § 1915(a). A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that they are unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). The court's grant of a plaintiff's application to proceed IFP, however, does not mean that they may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

1  Plaintiff's allegations and claims are not clear.[1]  Plaintiff sues Defendant Rensselaer
2  Polytechnic Institute ("RPI"), a "private 'Corporation,' a federally assisted university, with a
3  headquarter campus in the County of Rensselaer, State of New York, and . . . two other campuses
4  in the County of Hartford and New London County . . . in the State of Connecticut."  Compl. at 2
5  [Docket No. 1.]  Plaintiff immigrated to the United States in 2008 on a student visa for a Ph.D.
6  program at Idaho State University, then transferred to study at RPI.  *Id.* at 12.  Plaintiff now
7  challenges different events that took place at RPI between 2008 and 2012.  *Id.*  For instance,
8  Plaintiff alleges that Defendant falsely accused Plaintiff of infringing Defendant's copyrighted
9  products and also instituted a false sexual harassment investigation.  *Id.* at 3-4, 12.  Plaintiff
10 further claims that Defendant breached their agreement, denied a leave of absence request and
11 request to study part-time, and obtained privileged attorney-client communications between
12 Plaintiff and "a local law firm." *Id.* at 3-4.  Defendant then "maliciously suspend[ed] Roe for a
13 period of ~88 years, until Roe's evident death at age ~120." *Id.* at 3, 5.  As a result, Plaintiff has
14 suffered "excruciating, lifelong, private and confidential physical injuries, losses of educational
15 privileges, deprival of employment, unbearably substantial debts, involuntary losses of
16 considerable financial assets and other excessive irreplaceable harms, injuries, and damages." *Id.*
17 Then, "upon amelioration of Roe's injuries" between 2021 and 2022, Defendant failed to engage
18 in any settlement of their claims and terminated their access to the university website.  *Id.* at 16.
19 Plaintiff brings claims under the U.S. Constitution, Title IX, Title VII, the Copyright Act,
20 defamation, and "many other laws." *Id.* at 10-11, 18-23.
21  Plaintiff attaches exhibits to the complaint, including what appear to be pre-litigation
22 letters and materials sent to Defendant, copies of other complaints and declarations in lawsuits in
23 other districts involving a third-party named Dr. Nicole Prause, and correspondence with the
24 Clerk's office.  In one letter to the Clerk's office, Plaintiff indicates that "[m]y case is that Nicole
25 Prause, a current resident of California, brought a false sexual harassment and false copyright
26 claims to RPI, when I was a student."  [Docket No. 1-3.]

---

[1] Plaintiff's pleading does not use any personal pronouns.  Rather than make assumptions about Plaintiff's gender or gender identity, the court uses "they/them" pronouns to refer to Plaintiff.

The court liberally construes the complaint and other filings as alleging that RPI brought false charges of campus sexual harassment against Plaintiff that may have involved Prause, and that RPI brought and false charges of plagiarism and copyright infringement related to research or publications against Plaintiff.  Defendant then suspended Plaintiff, resulting in a loss of educational and employment opportunities.

Having considered Plaintiff's papers, the court issues this order to show cause why the case should not be transferred because the case does not appear to be appropriately venued in the Northern District of California.  Pursuant to 28 U.S.C. § 1391, a case may be filed in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If the defendant is a corporation, the venue statue provides:

> [I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C.A. § 1391(d).

Plaintiff states that Defendant is a corporation headquartered in New York.  Compl. at 2, 24. Accordingly, it does not appear that Defendant "resides" in this judicial district.  *See* 28 U.S.C. § 1391(b), (d).  "A district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has at least 'minimum contacts' with the forum and subjecting the defendant to an action in that forum would 'not offend traditional notions of fair play and substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Plaintiff does not explain why

3

personal jurisdiction over RPI is proper in California. Their bare allegation that "RPI generates profits from students and entities of California" is conclusory and inadequate to establish minimum contacts with California. *See* Compl. at 25.

The complaint does not describe any events taking place in the Northern District of California. Plaintiff's allegations all refer to incidents that took place while they were a student at RPI. Plaintiff's assertions that they were "forced to involuntarily abandon the County of Rensselaer in the State of New York and reside in the State of California," that "RPI most recently caused the commencement of this action," and that "[a]s a result of RPI's malice actions, Roe was involuntarily forced to leave the County of Rensselaer" support that the events at issue took place in Rensselaer County, New York. Compl. at 24-25.

Plaintiff appears to have filed the case in this district because they are now a resident of San Francisco. Plaintiff states that a "majority of key entities and witnesses reside in the State of California," but does not identify any particular entities and witnesses in California who may have relevant evidence about the claims. Although the letter to the Clerk's office suggests that Prause may live in California, Prause is not named as a defendant. Plaintiff does not explain Prause's relevance to the case except through a single statement outside of the complaint that Prause was the individual who instituted the sexual harassment allegation against Plaintiff over a decade ago. Plaintiff's contention that "the State of California holds the timeline majority of the key events" is belied by the factual allegations which center on Defendant's actions against Plaintiff that took place between 2008 and 2012. *Compare* Compl. at 25, *with id.* at 12-15.

Liberally construing the complaint, the court determines that the proper venue for this case is the Northern District of New York because it is the judicial district where Defendant "resides" and "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Rensselaer County is located within that district. When a plaintiff files their case in the wrong district, the court must either dismiss the case or transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a). A district court may also transfer the civil action to "any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Thus, unless Plaintiff can show legal

4

authority for venue in this district, the court will transfer this case to the Northern District of New York.  Accordingly, Plaintiff is ordered to file a statement explaining why this case is appropriately venued in the Northern District of California and why the court should not transfer it to the United States District Court for the Northern District of New York within thirty days—i.e., by **September 26, 2022**.

**IT IS SO ORDERED.**

Dated: August 25, 2022



Judge Donna M. Ryu
United States Magistrate Judge

5