UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. ROE,<br><br>        Plaintiff,<br><br>    v.<br><br>RPI,<br><br>        Defendant. | Case No. 22-cv-04727-DMR<br><br>**ORDER RE: MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 12 |

        Self-represented Plaintiff J. Roe filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on August 17, 2022. [Docket No. 1 ("Compl."), 2.] Plaintiff's complaint names Defendant Rensselaer Polytechnic Institute ("RPI") as the sole defendant. Plaintiff's allegations and claims are not clear, but they appear to challenge charges of sexual harassment and plagiarism that RPI levied against Plaintiff when they were a student there. On August 25, 2022, the court ordered Plaintiff to show cause why the case was properly venued in this district and should not be transferred to the United States District Court for the Northern District of New York. [Docket No. 7.] Plaintiff filed a statement in response. [Docket No. 10 ("Statement").] On August 8, 2022, the court transferred this matter to the Northern District of New York because the court lacked personal jurisdiction over RPI and venue was not proper in this district. [Docket No. 11 ("Transfer Order").] Plaintiff now moves for reconsideration of the court's Transfer Order. [Docket No. 12 ("Mot.").]

        Pursuant to Civil Local Rule 7–9, no prejudgment motion for reconsideration may be brought without leave of court. Civ. L.R. 7–9(a). Accordingly, the court will construe Plaintiff's submission as a motion for leave to file a motion for reconsideration of the court's Transfer Order.

        A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise

of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order.  Civ. L.R. 7–9(b)(1)-(3).

Plaintiff argues that "new venue facts" have been included in the Northern District of New York complaint ("NDNY Complaint").  Mot. at 2.  Plaintiff did not provide a copy of that pleading.  However, the motion describes the facts Plaintiff relies on to assert that venue is proper in this district.  Plaintiff again asserts that four key related entities and possible witnesses reside in California or are willing to appear in California, and Plaintiff and the "property" at issue (a paper that is the basis of the copyright infringement claim) reside in California.  *Id.*; *see also* Statement at 11, 30.

Finally, Plaintiff states that this court also has personal jurisdiction over Defendant but does not present new facts or a change of law to support this conclusion.  *See* Mot. at 2.

Having reviewed Plaintiff's submission and attachment, the court concludes that Plaintiff has not set forth grounds for leave to file a motion for reconsideration.  Plaintiff has not demonstrated the emergence of new material facts or a change in law occurring after the time of the court's order which should alter the analysis of this court's Transfer Order, nor have they demonstrated that there is a material difference in fact or law from that which was presented to the court.  *See* Civil L.R. 7–9(b)(1), (2).  Further, Plaintiff has not offered any evidence of "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Civil L.R. 7–9(b) (3).  Therefore, the court DENIES Plaintiff's motion for leave to file a motion for reconsideration.[1]

**IT IS SO ORDERED.**

Dated: October 27, 2022

Donna M. Ryu
United States Magistrate Judge

---

[1] In light of this order, the court does not reach Plaintiff's remaining arguments regarding the IFP application, service of process, and motion to seal.  *See* Mot. at 3-5.